## State Contractor's Liability for Loss by Fire

ARNOLD, Deputy Attorney General, May 3, 1933.—You have asked us to advise you whether you may authorize payment to J. A. Lanston, of Corry, Pa., of an unpaid balance on a contract made between the Commonwealth and Mr. Lanston for certain painting at Edinboro State Teachers College, under the following circumstances:

Mr. Lanston's contract required him to do certain painting and the necessary burning off of the old paint before application of new coats. The contract contains the following clause:

*"Contractor's liability*

"12. The work in every respect, from the execution of the contract bond and during its progress until final acceptance, shall be under the charge and in care of the contractor and at his risk. He shall properly safeguard against any or all injury or damage to the public, to any property, material, or thing, except where stipulated otherwise in the specifications and shall alone be responsible for any such damage or injury from his undertaking of this work to any person or persons or thing connected therewith. He shall indemnify and save harmless the Commonwealth and all its officers, agents and employes, from all suits or actions at law of any kind whatsoever in connection with this work, and shall,

if required, show evidence of settlement of any such action before final payment is made by the Commonwealth."

Reports furnished to us by Mr. Lanston and by the president of the teachers college agree upon the following facts:

The contractor was engaged in burning old paint from a cornice on the outside of one of the buildings at the college when fire started inside the cornice. The woodwork of the cornice was old and cracked, and presumably the flame from the painter's torch entered one of these cracks and ignited inflammable particles inside. The fire gained some headway before it was discovered. This occurred on a Saturday afternoon and the doors of the building were locked. The workmen were therefore unable to get into the building promptly, and the delay gave the fire opportunity to gain further headway.

The contractor, realizing the inflammable condition of the woodwork on which he was working, had his men working in pairs. Each pair had a pail of water at hand to extinguish any flame that might spread to the woodwork from their torch.

The fire did considerable damage, which has been repaired by the Commonwealth. The contractor completed his contract in every respect. The present question is whether the cost of these repairs should be charged against the contractor and, as a result of such charging, whether the final payment due to the contractor under his contract should be withheld from him.

In our opinion, there is no evidence of negligence on the part of the contractor which led to the fire. In fact, it would seem that he was taking every possible precaution to avoid damage by fire in the situation which he realized to be dangerous.

The question, therefore, is whether the clause of the contract which we have quoted above imposed on the contractor liability for this damage merely because the damage arose from the prosecution of the work under the contract, and without regard to any question of negligence. In our opinion, such liability is not imposed. We believe that the intention of that clause is to impose on the contractor a duty in cases of this kind, to exercise proper precautions to avoid damage to property, but that it does not impose any absolute liability. The provision which declares that the contractor shall alone be responsible for such damage or injury from his undertaking of the work follows immediately after the requirement that he shall properly safeguard against injury to property. The two provisions must be read together. And in our opinion, such a reading makes it clear that negligence is made the only basis of liability with respect to damage to property not involved in the completion of the contract.

The provisions which we have quoted from the contract in this case are practically the same as were involved in Com. ex rel. v. Nelson-Pedley Construction Co. et al., 303 Pa. 174 (1931), and Com. ex rel. v. Evans, 304 Pa. 445 (1931), but the nature of the liability here involved is different from that involved in the cases just mentioned.

The Nelson-Pedley and J. T. Evans cases concerned the obligation of contractors to complete the work called for by their particular contracts, and in doing so, to restore work already done by them, where that work had been damaged by fire. The Supreme Court, in both cases, held that the contractors were liable to make the restoration and to complete their contracts even though it was conceded that the fire did not arise from any negligence on the part of the contractors.

In the present case, however, the contractor did complete his entire contract. He is not here claiming extra compensation for any repainting made necessary by the fire, which was included within his original contract. The present case

is closely analogous to Newport News Shipbuilding & Dry Dock Co. v. United States, 34 F. (2d) 100 (1929). There the question arose as to the liability of a contractor who was making certain repairs on a ship, for damage to the entire ship, caused by fire which started from the contractor's operations. Our own Supreme Court in the Nelson-Pedley case, at page 185, distinguished the Newport News case as follows: "The question which arose was as to liability for the loss to the ship itself, entirely aside from the work contracted for, and the former was ten times the amount of the contractor's bid for the repair work."

We are not in accord with all of the reasoning of the Newport News case, but, in our opinion, the result there reached was a proper one with respect to the liability of the contractor under circumstances involving no negligence on his part.

Therefore, we advise you that the balance due to Mr. Lanston on his present contract may be paid to him without deduction for the cost of repairs made to the building as a result of the fire in question.

From C. P. Addams, Harrisburg, Pa.